{¶ 1} Defendant-appellant, Rayshaun York, appeals his convictions for aggravated robbery with firearm specifications and grand theft motor vehicle after a jury trial in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.
 {¶ 2} At approximately 10:30 in the evening on October 28, 2005, Eric Naylor, the victim, was on his way to pick up his brother. The victim was driving his girlfriend, Kristin Britton's, 2004 Chrysler Sebring. He was stopped at a red light at East 78th and Broadway in Cleveland, Ohio, when York approached him, stuck a gun in his face, and told him to get out of the car and run. The victim got out of the car, left $450 in cash in the vehicle, and ran to a pay phone. He called his girlfriend and told her to call the police. York was identified by the victim that same evening.
 {¶ 3} Officer Walt Emerick from the Cleveland Police Department took a report from the victim and had Britton fill out a stolen vehicle statement. The victim was able to provide York's name and a description of what he was wearing. The victim knew York through his brother and had seen him earlier that same day. Officer Emerick radioed the information and was later advised that the vehicle had been located by another officer.
 {¶ 4} Officer Brian Moore testified that he spotted the car parked on East 76th Street and notified the other patrol cars. Officer Moore saw three males enter the car and pull away. He notified the other vehicles and followed the car. Officer Moore testified that he lost sight of the car but then located it in a driveway with its lights still on. When he approached the vehicle, he heard people jumping fences and running through the yards. He notified the other patrol cars of the direction the males were running.
 {¶ 5} Officer Donald Nuti testified that he assisted in the apprehension of York, that York was found with $347 in cash on his person, and that a black hooded sweatshirt and black knit cap were found in the same yard as they found York. York denied that the sweatshirt and cap were his, but was found wearing just a long sleeved t-shirt on a cold October evening. Officer Nuti testified that they searched the area but did not locate a gun.
 {¶ 6} York was found guilty, by a jury, of aggravated robbery with firearm specifications and grand theft motor vehicle. York was sentenced to an aggregate term of six years in prison. York appeals, advancing six assignments of error for our review. York's first, second, and third assignments of error state the following:
 {¶ 7} "The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 8} "Appellant's conviction is against the manifest weight of the evidence."
 {¶ 9} "Appellant's conviction is insufficient as a matter of law and/or against the manifest weight of the evidence when there is no evidence of the year when the crime was committed."
 {¶ 10} Under these three assignments of error, York argues that there was insufficient evidence to convict him because the victim's testimony was not credible and, therefore, his convictions are against the manifest weight of the evidence. In addition, York argues that there was insufficient evidence in the record as to the year the crime occurred and, thus, that his convictions are against the manifest weight of the evidence.
 {¶ 11} When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 12} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 13} The victim testified that he knew York and provided his name and a description to police. The victim testified that he would not have abandoned the car but for the gun. Furthermore, the car was reported stolen and there was testimony that it was being driven that evening by someone other than the owner or the victim. We observe that although this court considers the credibility of witnesses in reviewing the record, we accord due deference to the trier of fact because the jury had the opportunity to view the witnesses' testimony and adjudge their credibility. We find the trier of fact, viewing the record as whole, could find that the victim's testimony was credible.
 {¶ 14} Although there was no testimony regarding the year that the crime was committed, the stolen vehicle report is dated and was admitted into evidence.
 {¶ 15} After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes proved beyond a reasonable doubt. In addition, after examining the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find that York's conviction for aggravated robbery with firearm specifications, as well as grand theft motor vehicle, was not against the manifest weight of the evidence.
 {¶ 16} York's first, second, and third assignments of error are overruled.
 {¶ 17} York's fourth, fifth, and sixth assignments of error state the following:
 {¶ 18} "Appellant was denied a fair trial due to prosecutorial misconduct during closing argument by commenting on Appellant's failure to testify and failure to present evidence."
 {¶ 19} "Appellant was denied a fair trial due to prosecutorial misconduct by eliciting police officer testimony about Appellant's post-arrest silence."
 {¶ 20} "Appellant was denied a fair trial due to prosecutorial misconduct by the prosecutor disparaging defense counsel."
 {¶ 21} First, York argues that the prosecutor improperly commented on his failure to testify and his right to remain silent. He insists that this prosecutorial misconduct deprived him of a fair trial. York points to the following statements made by the prosecutor during the state's rebuttal close:
 "And, again, you're confronted here with an individual who won't take responsibility himself but is hoping you won't call his bluff. And that's exactly what's going on here. He cannot accept responsibility for doing this. I don't know if it's because of his young age or because the short time he had the property in his possession or a combination of factors that he just can't bring himself to acknowledge what he did. He would rather have you do it for him apparently.
 "And the fingerprints — please. Mr. Lippe has been practicing for a long time. He knows very well had there been fingerprints, obtainable fingerprints from the material in the car, they would have been there. If there was anything to exonerate his client they would be here. * * * If there was anything suggesting this wasn't his client, Mr. Lippe knows we would have had that before the jury, or if there was any single print obtainable other than perhaps the original owners. Anybody that didn't have — shouldn't have had lawful possession of that vehicle, Mr. Lippe knows that would've been yours."
 "* * * And why is the evidence uncontroverted? Why wasn't a single witness called by the defense to — ."
 {¶ 22} Defense counsel objected to the last comment by the state, and the court sustained the objection and instructed the jury that the state had the burden of proof.
 {¶ 23} A prosecuting attorney's conduct during trial does not constitute grounds for error unless the conduct deprives the defendant of a fair trial. State v. Keenan (1993), 66 Ohio St.3d 402-405;State v. Gest (1995), 108 Ohio App.3d 248, 257. The touchstone of a due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. Smith v.Phillips (1982), 455 U.S. 209. The effect of the prosecutor's misconduct must be considered in light of the whole trial. State v. Durr (1991),58 Ohio St.3d 86, 94; State v. Maurer (1984), 15 Ohio St.3d 239, 266. Furthermore, a prosecutor is afforded wide latitude during closing argument, and it is within the trial court's sound discretion to determine whether a comment has gone too far. State v. Benge (1996),75 Ohio St.3d 136, 1996-Ohio-227.
 {¶ 24} The United States Supreme Court has held that "the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."Griffin v. California (1965), 380 U.S. 609, 615. Thus, it was improper for the prosecutor to comment upon York's decision not to testify at trial, and not to "accept responsibility." See State v. Turner(Nov. 29, 2001), Cuyahoga App. No. 78520 (finding that commenting on defendant's refusal to take responsibility for his actions, thus necessitating a trial, was "beyond the bounds of permissibility.")
 {¶ 25} Next, York argues that the prosecutor improperly commented on York's post-arrest silence when questioning Officer Nuti.
 "PROSECUTOR: Okay. Did he ask — did he say, what do you got me under arrest for; what are you doing?
 OFFICER NUTI: No.
 PROSECUTOR: He didn't?
 OFFICER NUTI: He didn't ask me, no.
 MR. LIPPE: Objection.
 THE COURT: Sustained."
 {¶ 26} This court has recognized that "admitting evidence of post-arrest silence in a manner that implicitly suggests a defendant's guilt is impermissible." State v. Gooden, Cuyahoga App. No. 82621,2004-Ohio-2699, at P54.
 {¶ 27} Here, it is apparent that the prosecutor elicited inadmissible testimony from the police officer that York did not question why he was being arrested, inferring that he already knew why he was being arrested. The trial court properly sustained the objection, because the prosecutor's questions were improper.
 {¶ 28} Finally, York complains that the prosecutor disparaged the defense attorney and deprived him of a fair trial by stating the following: "These are defense tactics 101. When all else fails you bring up what I like to call red herrings, decoys, things to distract your attention from the reality of the facts." As noted previously, a prosecutor is afforded wide latitude during closing argument and it is within the trial court's sound discretion to determine whether a comment has gone too far. Benge, supra. Even so, "[a] lawyer should not make unfair or derogatory personal reference to opposing counsel. Haranguing and offensive tactics by lawyers interfere with the orderly administration of justice and have no proper place in our legal system." See EC 7-37. Although the Ethical Considerations are aspirational in character, they represent the objectives toward which every member of the profession should strive. Here, this comment alone, while questionable, does not by itself rise to the level of prosecutorial misconduct.
 {¶ 29} Although the prosecutor improperly commented on York's post-arrest silence, not every improper prosecutorial comment regarding the accused's silence requires the automatic reversal of the accused's conviction. Chapman v. California (1967), 386 U.S. 18, 22; State v.Zimmerman (1985) 18 Ohio St.3d 43, 44-45. We may not affirm the conviction unless we conclude, based upon the record as a whole, that even without the prosecutor's improper statements that it is clear, beyond any reasonable doubt, that the jury would have returned a guilty verdict. A constitutional error is harmless beyond a reasonable doubt "if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt." State v. Williams (1988),38 Ohio St.3d 346, at 349. In this case, the remaining evidence, standing alone, constitutes overwhelming proof of York's guilt despite the prosecutor's improper comments.York's fourth, fifth, and sixth assignment of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
PATRICIA ANN BLACKMON, J., and MICHAEL J. CORRIGAN, J.,* CONCUR
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.