JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Michael Collins ("Collins") appeals the trial court's denial of his Crim.R. 29 motion for acquittal and his conviction. Upon review of the record, we affirm.
 {¶ 2} A Cuyahoga County Grand Jury indicted Collins on one count of receiving stolen property in violation of R.C. 2913.51. Collins pleaded not guilty and the case proceeded to jury trial. After the trial court overruled Collins' Crim.R. 29 motion for acquittal, the jury found him guilty of receiving stolen property. The trial court sentenced Collins to six months of community control sanctions.
 {¶ 3} The facts giving rise to this case began on January 25, 2006, when Minority Electric reported to the Cleveland police that its red 1995 Econoline van had been stolen. The Econoline had Minority Electric's logo and contact information painted in white on the outside of the van. Minority Electric's employee, Vincent Andrews ("Andrews"), had parked the Econoline outside Mars Electric, on St. Clair Avenue, Cleveland, Ohio, to purchase supplies for work. Upon exiting, Andrews noticed that the van was missing. Howard Washington ("Washington"), owner of Minority Electric and Andrews' employer, testified that no one except Andrews had permission to drive the work van.
 {¶ 4} On January 30, 2006, at approximately 3:10 p.m., an off-duty police officer noticed a red Econoline weaving in traffic along Woodland Avenue in Cleveland. The officer dialed the phone number to Minority Electric and was *Page 4 
informed that the vehicle was stolen. The officer then verified with the Cleveland police that the van was in fact reported stolen.
 {¶ 5} The officer continued to follow the Econoline and observed codefendant Edward Jones driving the vehicle. The Econoline stopped near a Dodge Durango near the intersection of Holton and Alpine. Additional units arrived and thereafter three men were observed removing items from the stolen van and placing them in the Dodge Durango.
 {¶ 6} When the officers attempted to arrest the three suspects, Collins and codefendant Edward Johnson fled the scene, while the driver of the Dodge Durango remained in place. Two officers chased Johnson and Collins into an adjacent field where the officers maced and apprehended Collins after he tripped and fell.
 {¶ 7} Collins timely appealed, asserting two assignments of error.
Assignment of Error Number One "The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence."
 {¶ 8} Collins asserts that merely riding as a passenger in a stolen vehicle does not violate R.C. 2913.51, which states:
 "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense. * * *."
 {¶ 9} Additionally, Collins argues that as a passenger only, the State necessarily proceeded on theories of complicity and constructive possession and, as *Page 5 
such, the State failed to submit sufficient evidence to sustain a conviction pursuant to Crim.R.29. We disagree. Crim.R. 29(A) states:
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion of judgment of acquittal made at the close of the state's case."
"A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law."State v. Lewis, 2nd Dist. No. 21592, 2007-Ohio-2601. Specifically, appellate courts apply the following standard of review upon a denial of a Crim.R. 29 motion for acquittal:
 "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261.
As such, we look to the sufficiency test set forth in State v.Jenks (1991), 61 Ohio St.3d 259, in which the Ohio Supreme Court held:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal citation omitted.) *Page 6 
 {¶ 10} Collins cites to State v. Sims (1983), 10 Ohio App.3d 56, in support of his contention that "a passenger is neither complicit in the possession of, nor in constructive possession of a stolen vehicle by simply riding in the vehicle." However true, we find the facts of the instant case are distinguishable from Sims. Here, Collins and Johnson are neighborhood friends with a twenty-year history together. Johnson picked up Collins in the Econoline van around noon while Collins was waiting for a bus to take him to work. Johnson and Collins spent the next three hours together until apprehended by Cleveland Police around three o'clock in the afternoon.
 {¶ 11} Collins had known Johnson, the driver, for twenty-five years. Collins knew Johnson was not an electrician but a contractor. Collins knew that Johnson had a criminal history, although he was unaware that history included the theft of nine or ten automobiles.
 {¶ 12} If believed, the evidence shows that Johnson and Collins proceeded to a side street in Cleveland in order to sell the goods in the rear of the Econoline to a third party. Johnson and Collins thereafter transferred electrical tools and supplies from the rear of the Econoline to the rear of the Dodge Durango. Upon the appearance of the Cleveland Police at the scene, Collins attempted to flee.
 {¶ 13} Additionally, Collins' criminal history reveals that he participated in crimes involving dishonesty, including forgery and uttering, which may have weighed heavily upon the jury when considering the credibility of all witnesses presented. *Page 7 
 {¶ 14} Therefore, in reviewing the evidence in a light most favorable to the prosecution, the evidence is sufficient to convince any rational trier of fact of the essential elements of the crime proven beyond a reasonable doubt, including the finding that Collins acted as more than just a mere passenger in the stolen vehicle. We find that the evidence adduced at trial is legally sufficient to convict Collins of receiving stolen property.
 {¶ 15} Collins' first assignment of error is overruled.
Assignment of Error Number Two "The appellant's conviction was against the manifest weight of the evidence."
 {¶ 16} Here, Collins asserts that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 17} "A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or pursuasive." Lewis, supra.
 {¶ 18} The appellate court's standard for a manifest weight of the evidence claim is as follows:
 "In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether `there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new *Page 8 
trial ordered.'" State v. York, Cuyahoga App. No. 87814, 2006-Ohio-6934. (Internal citation omitted.)
 {¶ 19} "However, this court should be mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt." State v. Turner, Cuyahoga App. No. 86916, 2006-Ohio-4098.
 {¶ 20} We find that the jury did not lose its way, but instead found the State's witnesses to be more credible than that of the defense. In reviewing the entirety of the record, we find that the jury did not create such a manifest miscarriage of justice to warrant overturning Collins' conviction.
 {¶ 21} Collins' second assignment of error is overruled.
 {¶ 22} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
 CHRISTINE T. MCMONAGLE, J., and MELODY J. STEWART, J., CONCUR *Page 1